# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 23-1102**  September Term, 2023

EPA-88FR9336

**Filed On:** April 24, 2024

State of Utah, by and through its Governor, Spencer J. Cox and its Attorney General, Sean D. Reyes,

    Petitioner

    v.

Environmental Protection Agency and Michael S. Regan,

    Respondents

------------------------------

Consolidated with 23-1103, 23-1105, 23-1106, 23-1107, 23-1112, 23-1113, 23-1115

---

**No. 24-1040**

State of Utah, by and through its Governor, Spencer J. Cox, and its Attorney General, Sean D. Reyes,

    Petitioner

    v.

Environmental Protection Agency and Michael S. Regan, Administrator, U.S. EPA,

    Respondents

------------------------------

Consolidated with 24-1041, 24-1042

**No. 23-1102**                          **September Term, 2023**

_____

**No. 24-1043**

State of Oklahoma, by and through its
Attorney General, Gentner F. Drummond and
Oklahoma Department of Environmental
Quality,

        Petitioners

        v.

Environmental Protection Agency and
Michael S. Regan, Administrator, U.S. EPA,

        Respondents

------------------------------

Consolidated with 24-1044, 24-1045, 24-1046

       **BEFORE:**    Rao, Walker, and Garcia, Circuit Judges

### O R D E R

Upon consideration of the motions to govern in No. 23-1102, et al., No. 24-1040, et al., and No. 24-1043, et al., and the response in No. 23-1102, et al., it is

**ORDERED** that these cases be held in abeyance pending further order of the court. The parties are directed to file motions to govern further proceedings in these cases within 14 days of the Supreme Court's disposition of the petitions for writ of certiorari in Oklahoma v. EPA, No. 23-1067 (petition for writ of certiorari filed March 28, 2024), and PacifiCorp v. EPA, No. 23-1068 (petition for writ of certiorari filed March 28, 2024), or by July 5, 2024, whichever comes earlier.

While not otherwise limited, the motions to govern may address any request for expedition at that time. In the event entry of a briefing schedule is requested, proposed formats for the briefing of these cases should be submitted. The parties are strongly

urged to submit a joint proposal and are reminded that the court looks with extreme disfavor on repetitious submissions and will, where appropriate, require a joint brief of aligned parties with total words not to exceed the standard allotment for a single brief. Whether the parties are aligned or have disparate interests, they must provide *detailed* justifications for any request to file separate briefs or to exceed in the aggregate the standard word allotment. Requests to exceed the standard word allotment must specify the word allotment necessary for each issue.

**Per Curiam**

                                           **FOR THE COURT:**
                                           Mark J. Langer, Clerk

                           BY:   /s/
                                           Selena R. Gancasz
                                           Deputy Clerk